UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUEL JONES (#20328)** | **CIVIL ACTION** |
| **VERSUS** | |
| **NATE CAIN, WARDEN** | **NO. 13-0599-SDD-RLB** |

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 12, 2013.

                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARQUEL JONES (#20328)**                                        **CIVIL ACTION**

**VERSUS**

**NATE CAIN, WARDEN**                                             **NO. 13-0599-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on correspondence received from the Petitioner dated October 7, 2013 (Rec. Doc. 5), which the Court interprets to be a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation. *See* Rec. Doc. 7.

On or about September 9, 2013, the *pro se* Petitioner, an inmate confined at the Avoyelles Parish Correctional Center, Cottonport, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal convictions and sentences, entered in 2007 in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, on one count of armed robbery, one count of armed robbery with a firearm, and one count of attempted second degree murder. The Petitioner asserts that he was provided with ineffective assistance of counsel because his trial attorney failed to object to erroneous jury instructions, failed to object to improper statements made by the prosecution during closing argument, and failed to request a severance.

Pursuant to correspondence dated September 16, 2013 (Rec. Doc. 2), the Court directed the Petitioner to either pay the Court's filing fee in the amount of $5.00 within twenty-one (21)

days or, within such time, submit a properly completed Motion to Proceed In Forma Pauperis herein.  The referenced correspondence specifically advised the Petitioner that "failure to amend the pleadings and/or provide the requested forms or information as indicated will result in the dismissal of your suit by the Court without further notice."  *Id.*  Upon the Petitioner's apparent failure to respond to the Court's directive by October 7, 2013, *i.e.,* by the 21-day deadline stated in the referenced correspondence, the Court dismissed the above-captioned proceeding on October 9, 2013.  *See* Rec. Docs. 3 and 4.

In the instant pleading, which the Clerk of Court received on October 15, 2013 (but upon which the Petitioner has hand-written the date October 7, 2013), the Petitioner represents that in attempted compliance with the Court's correspondence, he is providing therewith, admittedly "at the latest possible date" in light of the 21-day deadline, a properly completed Motion to Proceed In Forma Pauperis.  The question for the Court, therefore, is whether this submission is sufficient to warrant a reinstatement of this case on the Court's Docket.

Pursuant to the "mailbox rule," a pleading filed by a *pro se* habeas corpus petitioner is deemed to have been filed with the Court on the date that it is submitted to prison officials for filing and not on the date that it is ultimately received by the Court.  *See Houston v. Lack*, 487 U.S. 266 (1988) (filing of a pro se Notice of Appeal); *Cooper v. Brookshire*, 70 F.3d 377, 380 (5th Cir. 1995) (extending *Houston v. Lack* to the filing of *pro se* civil Complaints).  Therefore, if in fact the Petitioner signed his Pauper Motion and submitted same to prison officials for mailing on October 7, 2013, *i.e.,* on the last date upon which it would have been considered timely, the Petitioner's submission may be interpreted as having been timely filed.  As noted above, however, the referenced Motion was not received by the Court until October 15, 2013, eight days

late, and the accompanying envelope bears a postmark date of October 10, 2013, three days after the due date.

Notwithstanding the fact that it is not entirely clear from the record whether the Petitioner complied with the Court's directive by providing a timely Motion to Proceed In forma Pauperis within twenty-one (21) days of the Court's correspondence, the Court concludes that it is nonetheless appropriate, in the interest of justice and in the exercise of the Court's discretion, to grant the Petitioner's instant Motion for Relief from Judgment and to reinstate this matter on the Court's Docket.  This is because the Petitioner's delay, if any, was not extreme, and the potential hardship that could result to the Petitioner through the denial of the instant Motion is substantial. Specifically, the Court could potentially determine that a subsequent habeas corpus application filed by the Petitioner was untimely based solely upon the dismissal of the present action and the Court's failure to grant the instant motion to reinstate.[1]  This is because the pendency of the instant federal habeas corpus proceeding, if the dismissal is maintained, would not be seen as tolling the running of the one-year limitations period applicable to the filing of federal habeas

---

1. Although the dismissal in this case was without prejudice, the dismissal may be seen to be effectively with prejudice if the petitioner is unable to assert his claims in a subsequently-filed proceeding.  *See Lewis v. Sheriff's Department Bossier Parish,* 478 Fed. Appx. 809, 816 (5th Cir. 2012), *cert. denied,* ___ U.S. ___, 133 S.Ct. 865 (2013) ("[B]ecause Lewis's claims that survived the district court's dismissal order would be barred by prescription should he attempt to refile this lawsuit, we treat the dismissal without prejudice as a dismissal with prejudice"), *citing Millan v. USAA General Indemnity Company*, 546 F.3d 321, 325-26 (5th Cir. 2008).  Further, because a dismissal with prejudice is an extreme sanction that would deprive the petitioner of the opportunity to pursue his claims further, the authority of the Court to impose this sanction is limited, and a dismissal with prejudice is generally inappropriate unless the history of the case indicates "a clear record of purposeful delay or contumacious conduct by the plaintiff," and the Court finds that the interests of justice would not be better served by a lesser sanction.  *Id.*

corpus applications.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Accordingly, the instant Motion for Relief From Judgment should be granted.[2]

## RECOMMENDATION

It is recommended that the Petitioner's Motion for Relief From Judgment (Rec. Doc. 5) be granted, that the Court's Ruling and Judgment of October 9, 2013 (Rec. Docs. 3 and 4), be vacated, and that this action be reinstated on the Court's Docket.

Signed in Baton Rouge, Louisiana, on November 12, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2.  The Court makes no determination herein whether the instant habeas corpus proceeding has been timely filed.