UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARQUEL JONES (#531869)                           CIVIL ACTION

VERSUS

NATE CAIN, WARDEN                                 NO. 13-0599-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARQUEL JONES (#531869)**  CIVIL ACTION

**VERSUS**

**NATE CAIN, WARDEN**  NO. 13-0599-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a response in opposition to the petitioner's application. There is no need for oral argument or for an evidentiary hearing.

The *pro se* petitioner, an inmate confined at the Avoyelles Parish Correctional Center, Cottonport, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal convictions and sentences, entered in 2007 in the Twenty-Third Judicial District Court for the Parish of Ascension. The petitioner asserts that he was provided with ineffective assistance of counsel because his trial attorney failed to object to erroneous jury instructions, failed to object to improper statements made by the prosecution during closing argument, and failed to request a severance of the trials of the petitioner's co-defendants.

A review of the record reflects that the petitioner was charged by bill of information with one count of armed robbery, one count of armed robbery additional penalty (use of a firearm as an aggravating factor), one count of aggravated burglary, and one count of attempted first degree murder. A motion to quash count three of the bill of information was granted, and upon conclusion of the jury trial conducted in December, 2007, the petitioner was found guilty as charged on counts 1 and 2 and guilty of the responsive offense of attempted second degree

murder on count 4. Upon the denial of post-trial motions filed by the petitioner, he was sentenced to fifteen years in confinement in connection with the charge of armed robbery, to five years in confinement on the charge of armed robbery additional penalty, and to twenty years in confinement on the charge of attempted second degree murder, with these sentences to be served without the benefit of probation, parole or suspension of sentence, and with the sentences on counts one and two to be served consecutively to each other and concurrently with the sentence on count four. Through counsel, the petitioner thereafter filed an appeal before the Louisiana Court of Appeal for the First Circuit, asserting as error that he was provided with ineffective assistance of counsel in numerous respects and that the evidence was insufficient to support the convictions. On March 27, 2009, the intermediate state appellate court affirmed the convictions, affirmed the sentences as to counts one and four of the bill of information, and amended the sentence as to count two thereof (deleting the imposition of "hard labor"), affirming same as amended, and remanded to the state trial court for amendment of the minutes to reflect the amended sentence. *State v. Jones,* 5 So.3d 1060 (La. App. 1st Cir. 2009). The petitioner's subsequent writ application to the Louisiana Supreme Court was denied, without comment, on January 22, 2010. *State v. Jones*, 25 So.3d 139 (La. 2010). Upon the passage of the 90-day period allowed for the petitioner to seek further review before the United States Supreme Court, which he did not do, the petitioner's convictions and sentences became final on or about April 22, 2010.

Approximately seven months after the finality of his convictions and sentences, on or about November 9, 2010, [1] the petitioner filed an application for post-conviction relief ("PCR")

---

1. Although the petitioner's application for post-conviction relief was docketed as filed in the state trial court on November 23, 2010, the United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana should apply

in the state trial court, asserting that he was provided with ineffective assistance of counsel at trial when his attorney failed to object to an erroneous jury instruction, failed to object and/or request a mistrial when the prosecution engaged in misconduct during closing arguments, failed to seek a severance of the trials of the petitioner's co-defendants, and generally engaged in conduct falling below a reasonable objective standard of competency. After various proceedings were conducted before the state district and appellate courts, the petitioner's PCR proceedings were finally completed on August 22, 2012, when the Louisiana Supreme Court denied review in connection therewith, without comment. *See State ex rel. Jones v. State*, 97 So.3d 367 (La. 2012). Almost a year later, on or about July 17, 2013 (according to the petitioner), he provided a copy of his federal application for habeas corpus relief to prison officials for mailing to this Court, asserting the claims that he now seeks to present herein.[2]

---

Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings. Accordingly, pleadings submitted by a habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for filing, not on the date that the pleadings are ultimately docketed by the receiving court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Thus, inasmuch as the petitioner apparently signed his state court application on November 9, 2010, and presumably gave it to prison officials for filing on that date, the Court will utilize that date as the presumptive date of filing.

     2. Whereas the petitioner's federal habeas application before this Court is dated July 17, 2013, it was not in fact received by the Clerk's Office and docketed herein until September 9, 2013, almost two months later. The petitioner asserts that he submitted his application to prison officials for mailing to this Court for filing on the date that he signed it, but he complains that prison officials apparently did not mail the application to the Court until on or about September 5, 2013. In support of this contention, the petitioner has attached as an exhibit a copy of an Offender Funds Withdrawal Request dated July 17, 2013, that appears to corroborate his assertions in this regard. *See* R. Doc. 13-1 at p. 1. Accordingly, he Court will afford the petitioner the benefit of the doubt in this regard and will treat the instant application as having been filed on July 17, 2013. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (applying the "mailbox rule" to the filing of *pro se* habeas corpus pleadings in federal court). Notwithstanding, as discussed hereafter, the petitioner's application is untimely regardless of which date is utilized.

Based on the foregoing, the Court finds that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are not any post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period.

In the instant case, the petitioner's conviction became final on or about April 22, 2010, ninety (90) days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. The one-year time clock then began to run on that date, and it appears that the petitioner allowed two hundred and one (201) days of un-tolled time to elapse prior to his filing of a PCR application in the state district court on or about November 9, 2010. It further appears that, upon completion of proceedings in connection with the petitioner's PCR application, through denial of the petitioner's request for supervisory review in the Louisiana Supreme Court on August 22, 2012, the petitioner then allowed an additional three hundred and twenty-nine (329) days of un-tolled time to elapse prior to his submission of a federal habeas corpus application to this Court on or about July 17, 2013. Accordingly, it appears that prior to commencement and after completion of the petitioner's PCR proceedings, a total of five hundred and thirty (530) days, well over a year, elapsed during which the petitioner

did not have pending any properly filed applications for post-conviction or other collateral relief before the state courts. Accordingly, the petitioner's application in this Court is untimely.

Having found that the petitioner's application is untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. *Pace v. DeGuglielmo,* 544 U.S. 4008, 418 (2005). Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law

library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* ___ U.S. ___, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649-50.

In the instant case, as noted above, the petitioner delayed approximately seven months after his convictions and sentences became final before he filed an application for post-conviction relief in the state district court in November, 2010. He then waited approximately eleven months after the completion of post-conviction review proceedings before he filed his federal habeas corpus application in this Court. The petitioner's ignorance or mistake in calculating the filing deadlines, however, does not warrant the application of equitable tolling. Moreover, the petitioner has not shown that he has acted diligently in pursuing his post-conviction relief proceedings. *See, e.g., Pace v. DeGuglielmo*, *supra*, 544 U.S. at 419 (2005) (diligence not shown where the petitioner waited five months after the finality of post-conviction relief proceedings to file a federal petition); *Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. 2008) (diligence not shown where the petitioner "waited approximately four months to file a federal petition after the Louisiana Supreme Court denied relief"); *Kelly v. Quarterman*, 260 Fed. Appx.

629 (5th Cir. 2007) (same, with four-month delay); *Melancon v Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (same, with four-month delay). Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

Finally, in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offenses. Specifically, in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the United States Supreme Court concluded that actual innocence, if proven, may serve as a gateway through which a petitioner may pass to avoid a procedural impediment such as the statute of limitations. The Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, the petitioner has presented no new evidence sufficient to support a claim of actual innocence, and he has therefore failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, the petitioner's application should be dismissed as untimely.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, without prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**